**SO ORDERED.**

**SIGNED this 21 day of November, 2014.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

IN RE:

CHARLES NEAL COKER,   CHAPTER 11
                      CASE NO. 14-00223-5-RDD

DEBTOR.

**ORDER DENYING RELIEF FROM ORDER CONFIRMING PLAN**

Pending before the Court is the Motion for Relief From Order Confirming Plan, Or, In The Alternative, To Open The Order Confirming Plan For Additional Testimony And Amended Findings Of Fact And Conclusions Of Law filed by CWCapital Asset Management, LLC ("CWCAM") on October 2, 2014 (the "Motion"). Also pending before the Court is the Debtor's Objection To CWCapital Asset Management LLC's Motion For Relief From Order Confirming Plan, Or, In The Alternative, To Open The Order Confirming Plan For Additional Testimony And Amended Findings Of Fact And Conclusions Of Law filed by Charles Neal Coker (the "Debtor") on October 20, 2014 (the "Objection"). A hearing was held on October 23, 2014 in Raleigh, North Carolina to consider the matter.

**I. PROCEDURAL POSTURE**

The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on January 11, 2014.

On May 22, 2014, the Debtor filed an Amended Chapter 11 Plan (the "Amended Plan") and Disclosure Statement. CWCAM filed a Motion to Continue on June 19, 2014 requesting that the Court continue the hearing on confirmation of the plan and extending the deadlines to file written acceptances or rejections of the plan ("CWCAM's Motion to Continue"). On July 7, 2014 the Court conducted a hearing on CWCAM's Motion to Continue. During the July 7, 2014 hearing, the Debtor and CWCAM resolved the objections and agreed to the extension of deadlines as to CWCAM only. The parties also agreed on a date for the hearing on the confirmation of the plan. With Counsel for CWCAM present, the continued date for objections to the plan of August 29, 2014 and the continued date for the confirmation hearing of September 10, 2014 were announced in court. On July 8, 2014, the Court entered the Order Granting CWCAM's Motion to Continue (the "July 8, 2014 Order") which memorialized the parties' representations at the July 7, 2014 hearing. The July 8, 2014 Order fixed August 29, 2014 as the last day for CWCAM to file written acceptance or rejection to the Debtor's Amended Plan and written objection to the disclosure statement and/or objection to the confirmation of the plan (the "Extended Deadline"). The July 8, 2014 Order also continued the hearing on confirmation until September 10, 2014 (the "Continued Confirmation Hearing").

On June 12, 2014, the Court entered orders referring *In re Burcam Capital II, LLC* Case No. 12-04729-8-RDD ("*In re Burcam Capital*") and the Adversary Proceedings to mediation. The Debtor in this case was not a party to that mediation, but did attend.[1] On August 14, 2014 an "Interim Report of Mediator" was filed in *In re Burcam Capital* (the "Interim Report"). The Interim Report requested

---

[1] There was no order for mediation in *In re Coker*. The ordered mediation was entered in *In re Burcam Capital II* and the adversary proceedings. Counsel for *Coker* indicated he would attend the mediation in *In re Burcam Capital II,* as the result of the mediation could affect the pending matters in *In re Coker*.

2

that all existing scheduling, filing, and response deadlines in *In re Burcam Capital* and the companion case *In re Charles Neal Coker*, be suspended for the period up to and including September 3, 2014. However, no formal motion to extend the deadlines was filed.

An impasse was declared in the mediation process. On September 9, 2014, the mediator filed an Impasse Report (the "Impasse Report") stating after an all day mediation on August 12, 2014, "the mediator and parties agreed to a structure for proceeding over a three week period concluding Wednesday September 3, 2014." After further discussion and consideration via telephone, no resolution was reached. The mediation formally concluded on September 3, 2014.

As ordered in the July 8, 2014 Order, which was entered in response to CWCAM's Motion to Continue, the Court continued the confirmation hearing to September 10, 2014. At the Continued Confirmation Hearing, this Court orally confirmed the Debtor's Amended plan as modified by the Debtor. The Court then entered its Order Confirming Plan on September 29, 2014. On September 23, 2014 CWCAM filed an Opposition to Confirmation of Chapter 11 Plan (the "Opposition"). On October 2, 2014 CWCAM filed this Motion pursuant to Federal Rule of Civil Procedure 60(b), or, in the alternative, pursuant to Federal Rule of Civil Procedure 59(a)(2).

## II. DISCUSSION

To obtain relief under Rule 60(b), a movant must first make a threshold showing of timeliness, a meritorious defense, the absence of unfair prejudice to the opposing party, and exceptional circumstances. *In re Exum*, Case No. 12-02029-8-RDD, 2013 Bankr. LEXIS 827, at *7-8 (Bankr. E.D.N.C. Dec. 6, 2012) (citing *Huennekens v. Reczek*, 43 Fed. Appx. 562, 567 (4th Cir. 2002)); *Williams v. Echols (In re Williams)*, Case No. 08-02284-8-JRL, Adv. No. 08-00099-8-JRL, 2009 Bankr. LEXIS 840, at *4 (Bankr. E.D.N.C. April 1, 2009). This Court has held, "once the

threshold showing is met, the movant must then satisfy one of the six grounds for relief under Rule 60(b)." *Exum*, 2013 Bankr. LEXIS 827 at *7-8. The Court continues to hold that, "Rule 60(b) relief is an extraordinary remedy" which can be "granted only in exceptional circumstances." *Id*. at *4, 2011 WL 2518788, at *2.

Based on representations made by CWCAM at the October 23, 2014 hearing, CWCAM does not meet the threshold requirement of showing the existence of a meritorious defense, the absence or unfair prejudice to the opposing party, or the presence of exceptional circumstances as required by *In re Exum*.

CWCAM brought the Motion alleging that there has been excusable neglect pursuant to Rule 60(b)(1) justifying the relief of CWCAM of this Court's Order Confirming Plan. Counsel for CWCAM (the "Counsel") asserted that her July 3, 2014 change in law firm was the catalyst for the delay in filing the Objection to Confirmation and the reason for the subsequent claim of excusable neglect. Counsel contended that the July 8, 2014 Order was the only written notice by this Court of the Extended Deadline and of the Continued Confirmation hearing. Counsel stated that the July 8, 2014 Order was sent to counsel's electronic mailing address at her former law firm and therefore she never received notice of the Extended Deadline and the Continued Confirmation Hearing. Despite the fact that the request for an extension of deadlines was before the court on CWCAM's Motion to Continue and despite Counsel being present at the July 7, 2014 hearing setting the Extended Deadline and Continue Confirmation Hearing, Counsel stated that she had no knowledge of these dates.

In addition, Counsel argued that the delay in filing CWCAM's Objection to Confirmation was due to the ordered mediation of the case. Counsel alleges that the stay of deadlines

4

recommended by the mediator contributed to Counsel's confusion regarding the deadlines to file objections to the confirmation of the Debtor's Amended Plan. Counsel argued that during the mediation, the mediator filed the Mediator's Interim Report recommending a stay of all matters between the parties pending further negotiations, except for the pending fee applications. Therefore, Counsel was unaware of any impending hearing in this matter and believed that a new objection deadline would be set after the conclusion of the mediation.

CWCAM has not made the threshold showing of timeliness, a meritorious defense, the absence of unfair prejudice to the opposing party, and exceptional circumstances as stated by this Court in *In re Exum*. CWCAM has shown that the objection was filed in a timely manner as it was filed only two weeks after the Continued Confirmation Hearing. However, CWCAM does not have a meritorious defense. CWCAM's debt will be paid in full through the Plan and the debt is oversecured. Allowing CWCAM's Motion would be very prejudicial to the opposing party, the Debtor. The Debtor and other creditors have a confirmed Chapter 11 Plan and have been operating under that premise since the Continued Confirmation Hearing. Lastly, no exceptional circumstances exist in this case. The neglect that caused the delay was one of carelessness and oversight, neither of which is exceptional or beyond the control of Counsel.

Even if CWCAM had met the threshold showing required by *In re Exum*, excusable neglect is not present under the circumstances. In order to obtain relief under Federal Rule of Civil Procedure 60(b), the movant must satisfy one of the six grounds for relief under Rule 60(b). Rule 60(b) of the Federal Rules of Civil Procedure states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

5

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief

Fed. R. C. P. 60(b).

The Supreme Court has held that the question of whether neglect is "excusable" has been determined to be an equitable inquiry, taking in to account all relevant circumstances. See *Pioneer Inv. Servs. Co. V. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct.1489, 123 L.Ed.2d 74(1993). The relevant circumstances set forth are "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id*. at 395. The Fourth Circuit in *Fernandes v. Craine* explained, "we have stressed that the third *Pioneer* factor - the reason for the delay- is the 'most important.'" *Fernandes v. Craine*, 538 Fed.Appx.274, 276 (4th Cir. 2013); See *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d530, 534 (4th Cir. 1996).

At the July 7, 2014 hearing, CWCAM's Motion to Continue was ordered in open court in the presence of both Counsel and Debtor. The Debtor argued that based on representations made by both Debtor and Counsel at the July 7, 2014 hearing, the Court was able to resolve CWCAM's Motion to Continue in open court. The court set the Extended Deadline and the Continued Confirmation Hearing based on representations and input by both Counsel for CWCAM and

6

Debtor's Counsel. Counsel asserted that the reason she did not have notice of the Extended Deadline and the Continued Confirmation Hearing was because the July 8, 2014 Order setting those two dates was sent to her former law firm. Counsel argued that the delay in filing was due to Counsel's July 3, 2014 change in law firms resulting in excusable neglect.

Debtor alleges that as of July 9, 2014 the Court's Case Management/Electronic Case Filing system ("CM/ECF") had not been updated with Counsel's current law firm information. The mailing matrix downloaded from the Court's CM/ECF on July 9, 2014 which was relied on for listing each party appearing in the case as referenced in the certificate of mailing, reflects Counsel's electronic mailing address as "cyoung@jahlaw.com." Counsel stated that this is the electronic mailing address for her former law firm. However, Counsel was present at the July 7, 2014 hearing when the dates were agreed upon and announced.

An analysis of the relevant circumstances and *Pioneer* factors reveal that Counsel's delay in filing CWCAM's written objection to the plan and failure to attend the confirmation hearing is not excusable neglect. The danger of unfair prejudice to the Debtor in this instance is great. The Debtor and other affected creditors have a confirmed Chapter 11 Plan in place and are ready to proceed with the consummation of that plan. Although the objective length in Counsel's delay in filing CWCAM's Objection to Confirmation was relatively short, it was nonetheless after the bar date for filing written objections. The Extended Deadline mentioned in the mediation report was extended to September 3, 2014. Even so, Counsel did not file any pleading by September 3, 2014. Further, the Continued Confirmation Hearing did not occur until September 10, 2014. By that date, Counsel had not filed any written objections nor had Counsel filed any motions with the Court. Counsel did not file any documents with respect to the confirmation of the Amended Plan until

7

September 23, 2014. By this date the plan had been orally confirmed after a two hour hearing on the confirmation of the Amended Plan, in the presence of the Debtor, the Bankruptcy Administrator, and other creditors. In light of this circumstance, the prejudicial effect on the judicial proceedings by granting Counsel's Motion would be great.

According to the Fourth Circuit in *Fernandes v. Craine*, the reason for delay is the most important factor in the determination of excusable neglect. See *Fernandes v. Craine*, 538 Fed.Appx.274, 276 (4th Cir. 2013). The Supreme Court held that the reason for neglect includes determination of whether the delay was in the reasonable control of the movant and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. V. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The reason Counsel provided to the Court for her delay in filing CWCAM's objection and CWCAM's failure to appear at the Continued Confirmation Hearing is that Counsel did not receive the July 8, 2014 Order setting these dates. Because Counsel changed law firms and failed to update her electronic mailing address with the Court, the July 8, 2014 Order was sent to her former law firm and it was not forwarded to Counsel's new law firm. Had Counsel updated her information with the Court when she began work with her current law firm on July 7, 2014, she would have received the July 8, 2014 Order. Further, Counsel was present at the hearing on July 7, 2014, when the Court set the objection deadline to August 29, 2014 and set the confirmation hearing to September 10, 2014. This Court finds that the delay was in the reasonable control of Counsel and is therefore not an act of excusable neglect.[2]

---

[2]Surely, Counsel would have established a system of communication and notification of mail and emails from her former law firm. No mention of such a system was made at the hearing.

The Debtor further contended that it is the obligation of the attorney to keep information on CM/ECF current pursuant to Local Rule 5005-4(2)(a)(3) and this Court strongly agrees. Local Rule 5005-4(2)(a)(3) states:

> Filing users are also responsible for keeping their office address, email address, preferred notification method and other user profile information current in the Electronic Filing System by notifying the court of any modifications.
>
> E.D.N.C. LBR5005-4(2)(a)(3).

Pursuant to the Local Rule 5005-4, Counsel has an ongoing obligation to keep information on the Court's CM/ECF system accurate and up to date. In addition, the Fourth Circuit, in *Robinson v. Wix Filtration Corp. LLC* held that, "a party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010); *citations omitted; See In re A. H. Robins Co., Inc.,* No. 98–1893, 1998 WL 904717, at *2 (4th Cir. Dec.29, 1998) (finding that party's failure to inform the court of her new address did not constitute excusable neglect for purposes of Rule 60(b)). The Fourth Circuit also holds that "a lawyer's ignorance or carelessness do not present cognizable grounds for relief under Rule 60 (b)." *Evans v. United Life & Accident Ins. Co.,* 871 F.2d 466, 472 (4th Cir.1989).

As an experienced litigator in this Court, Counsel should have been aware that parties and this Court rely on the CM/ECF system to send notices and orders to the affected parties in litigation. Counsel cannot plead ignorance of this fact as she herself has utilized and relied on the CM/ECF system in filing with this Court. Counsel's failure to update her information is carelessness, not excusable neglect. Not only did Counsel initiate the proceeding that extended the objection deadline and the confirmation hearing, Counsel also participated in open court on July 7, 2014 in the selection

9

of the dates for the Extended Deadline and the Continued Confirmation Hearing. Further Counsel was also properly served through the Court's CM/ECF at the address she herself designated.

In furtherance of its argument, the Debtor brought to the attention of the Court that Counsel properly received an Order of this Court that explicitly referenced the September 10, 2014 confirmation hearing at the proper electronic mailing address <u>at Counsel's current firm</u>. On July 9, 2014, Debtor filed an Ex Parte Motion to Extend the 180-Day Acceptance Period up to and including September 30, 2014 to accommodate the continued September 10, 2014 date of the hearing on confirmation. In an Order entered on July 29, 2014, this Court granted the Debtor's motion and ordered, "that the 180-day "Acceptance" period pursuant to 11 U.S.C. §1121© be and hereby is extended to and including September 30, 2014, *to accommodate the continued September 10, 2014 date of the hearing on confirmation of the Debtor's Amended Plan of Reorganization*" (the "July 29, 2014 Order"). The Court's CM/ECF system indicates that notice of the July 29, 2014 Order was electronically mailed to: "Constance Young on behalf of Creditor CWCapital Asset Management LLC at **cyoung@wcsr.com**." This is the electronic mailing address for Counsel at her current firm.

This Court, in analyzing all relevant circumstances to determine whether an equitable remedy is warranted, finds the fact that Counsel received other notices, motions, and orders of this court referencing the date of the Continued Confirmation Hearing important. This Court's July 29, 2014 Order explicitly states that it was granted "to accommodate the continued September 10, 2014 date of the hearing on confirmation of the Debtor's Amended Plan of Reorganization." The July 8, 2014 Order setting the Extended Deadline and the Continued Confirmation Hearing had been entered and existing on the Court's docket for twenty-one days when Counsel received the July 29, 2014 Order explicitly stating that date for the Continued Confirmation Hearing. The July 8, 2014 Order had

been entered and existing on the docket for over sixty days before the Continued Confirmation Hearing took place. Counsel had every opportunity for almost two months to inform herself of the Extended Deadline and the Continued Confirmation Hearing.

This Court acknowledges the Fourth Circuit's holding that there is no general obligation to manually check and monitor the docket. *Fernandes v. Craine*, 538 Fed. Appx 274, 275 (2013); See *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 410 (4th Cir. 2010). This Court does, however, impose a duty on the litigants who come before it to act with diligence. *Id*. 408, 09; See *Fox v. Am. Airlines,* 389 F.3d 1291, 1296 (D.C.Cir.2004) (affirming the district court's decision not to grant a Rule 59(e) motion since "the dismissal of the [ ] suit might have been avoided through the exercise of due diligence"). This Court finds that Counsel did not act with reasonable diligence under the circumstances and therefore CWCAM's actions do not rise to the level of excusable neglect pursuant to Federal Rule of Civil Procedure 60(b).[3]

### III. CONCLUSION

Therefore, the Motion for Relief From Order Confirming Plan, Or, In The Alternative, To Open The Order Confirming Plan For Additional Testimony And Amended Findings Of Fact And Conclusions Of Law Pursuant to F.R.C.P. 60(b) filed by CWCapital Asset Management, LLC is hereby **DENIED.**

**SO ORDERED.**

### END OF DOCUMENT

---

[3]Because this Court finds that Counsel's actions do not amount to excusable neglect, the Court need not address Counsel's alternative argument for relief pursuant to Federal Rule of Civil Procedure 59(a)(2) as relief under this Rule has a much higher threshold.